1  JOHN J. BINGHAM, JR. (State Bar No. 075842)
   *JBingham@DGDK.com*
2  JOHN N. TEDFORD, IV (State Bar No. 205537)
   *JTedford@DGDK.com*
3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
4  Los Angeles, California 90067-2904
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for Appellees Meruelo Maddux Properties,
   Inc., Meruelo Maddux Properties – 760 S. Hill Street,
7  LLC, and Merco Group – Southpark, LLC

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11

12  In re                                    ) United States District Court
                                             ) Case No. 2:09-cv-05976-SVW
13  BANK OF AMERICA, N.A.,                   )
                                             ) Bankr. Case No. 1:09-bk-13356-KT
14              Appellant,                   )
                                             )
15       vs.                                 ) **NOTICE OF EX PARTE MOTION**
                                             ) **AND APPELLEES' EX PARTE**
16  MERUELO MADDUX PROPERTIES,               ) **MOTION FOR EXTENSION OF**
    INC., MERUELO MADDUX                     ) **TIME TO FILE THEIR OPENING**
17  PROPERTIES – 760 S. HILL STREET,         ) **BRIEF; AND MEMORANDUM OF**
    LLC, AND MERCO GROUP –                   ) **POINTS AND AUTHORITIES**
18  SOUTHPARK, LLC,                          ) **AND DECLARATION OF JOHN**
                                             ) **N. TEDFORD, IV, IN SUPPORT**
19              Appellees.                   ) **THEREOF**
                                             )
20  _____     )

21  **TO THE HONORABLE STEPHEN V. WILSON, UNITED STATES**

22  **DISTRICT COURT JUDGE, AND INTERESTED PARTIES:**

23       **PLEASE TAKE NOTICE** that, pursuant to Rules 8009-5.6 and 8011-6.2 of

24  the Local Rules Governing Bankruptcy Appeals, Cases and Proceedings before the

25  United States District Court for the Central District of California, Appellees Meruelo

26  Maddux Properties, Inc. ("MMPI"), Meruelo Maddux Properties – 760 S. Hill Street,

27  LLC ("MMP South Hill"), and Merco Group – Southpark, LLC ("MG Southpark"

28  and, together with MMPI and MMP South Hill, the "Appellees"), hereby request that

1  the Court extend the time for the Appellees to file their opening brief in this appeal
2  for a period of three weeks, from March 12, 2010, to April 2, 2010. Pursuant to Rule
3  8009-5.6, this motion is filed within the time limits prescribed by Federal Rule of
4  Bankruptcy Procedure 8009.

5      This motion is based on the following: MMPI, through its subsidiaries, is the
6  largest non-government land owner in downtown Los Angeles. On March 26 and
7  27, 2009, MMPI and fifty-three of its subsidiaries, including the other Appellees,
8  filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States
9  Code (the "Bankruptcy Code"). On September 3, 2009, two other subsidiaries filed
10 voluntary petitions for relief under Chapter 11 of the Code, including one which is
11 the owner of the tallest pure residential skyscraper in Los Angeles. Litigation in the
12 cases generally has been very contentious, involving numerous secured lenders such
13 as Appellant Bank of America, N.A. ("BofA"), and other parties. The next few
14 weeks will be particularly busy and important. The debtors have various hearings
15 scheduled and filing deadlines between now and March 12, 2010, and must prepare
16 for a valuation trial on March 12, 2010, in connection with a motion for relief from
17 stay filed by a lender who is seeking to foreclose on the above-mentioned residential
18 tower, and cross-motions for summary judgment brought in that case. In addition,
19 meaningful hearings are scheduled in the cases on, among other days, March 15,
20 2010, March 19, 2010, and March 29, 2010. BofA is an active participant in the
21 debtors' cases and is certainly aware of some, if not all, of thee upcoming hearings
22 and deadlines, as well as the fact that the attorney who will be principally responsible
23 for drafting the Appellees' brief in this appeal is heavily involved in the foregoing.

24      On or about February 25, 2010, having had the benefit of approximately eight
25 months to prepare its opening brief, BofA filed its opening brief. As it was entitled
26 to do, BofA filed a brief containing the maximum number of pages (thirty) allowed
27 under applicable rules and the Court's scheduling order. Pursuant to that order, the
28 Appellees' brief is due on March 12, 2010 (i.e., fifteen days after the opening brief

1  was filed and served).  No previous extensions of the time for the Appellees to file
2  their brief have been requested.

3          On February 26, 2010 (the day after BofA filed its opening brief), counsel for
4  the Appellees contacted BofA's counsel and requested a three-week extension of the
5  time to file the Appellees' brief.  BofA's counsel advised that BofA was unwilling to
6  agree to any extension.  The Appellees' counsel inquired again, in response to which
7  BofA's counsel advised that BofA is willing to support an extension to the close of
8  business on March 15, 2010.

9          An extension of three days (and one business day) is insufficient.  In light of
10  the need for the Appellees' counsel to prepare pleadings and appear at hearings in the
11  bankruptcy case, particularly during the next few weeks, an extension of the deadline
12  for the Appellees to file their opening brief is appropriate, and the Appellees' request
13  for a three-week extension is reasonable.  Accordingly, the Appellees request that the
14  Court enter an order extending the time for the Appellees to file their opening brief to
15  April 2, 2010.

16          This motion is based upon this notice and motion, and the Memorandum of
17  Points and Authorities and Declaration of John N. Tedford, IV, appended hereto.

18

19  Dated:  March 4, 2010          DANNING, GILL, DIAMOND & KOLLITZ, LLP

20

21                                  By: _____
                                         John N. Tedford, IV
22                                       Attorneys for Appellees Meruelo Maddux
                                         Properties, Inc., Meruelo Maddux
23                                       Properties – 760 S. Hill Street, LLC, and
                                         Merco Group – Southpark, LLC
24

25

26

27

28

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BRIEF STATEMENT OF FACTS

Meruelo Maddux Properties, Inc. ("MMPI"), is a publicly owned corporation which owns and develops real property in downtown Los Angeles and other areas in the Los Angeles area. On March 26 and 27, 2009, MMPI and 53 of its subsidiaries, including appellees Meruelo Maddux Properties – 760 S. Hill Street, LLC ("MMP South Hill"), and Merco Group – Southpark, LLC ("MG Southpark" and, together with MMPI and MMP South Hill, the "Appellees"), each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. MMPI, through its subsidiaries, is the largest non-government landowner in downtown Los Angeles.

On June 17, 2009, the Bankruptcy Court issued certain orders and memoranda of decision relating to whether the Appellees and some of their affiliated debtors are subject to "single asset real estate" provisions in the Bankruptcy Code. Bank of America ("BofA") appealed, and petitioned to have the appeal heard by the Ninth Circuit Court of Appeals (the "Court of Appeals"). On or about January 21, 2010, the Court of Appeals denied BofA's petition.

In the interim, on September 3, 2009, two more MMPI subsidiaries filed Chapter 11 petitions for relief. One of the subsidiaries is the owner of the tallest pure residential skyscraper in Los Angeles, comprised of 214 luxury residential units and commercial space expected to be leased for a restaurant. That case has generated substantial litigation. A valuation trial has been scheduled for March 12, 2010, with March 15, 2010, available if needed, in connection with the lender's motion for relief from the automatic stay. Also scheduled for March 12, 2010, are cross-motions for summary judgment filed by the debtor and the lender with regard to the lender's rights in other collateral allegedly still securing its loan.

4

1    On or about February 10, 2010, this Court issued a scheduling notice which
2  provided, in relevant part, that BofA's opening brief was due on February 25, 2010,
3  and the Appellees' brief would be due fifteen days after service of the opening brief.
4  Consistent with the Federal Rules of Bankruptcy Procedure, the Court's notice stated
5  that opening briefs are not to exceed thirty pages in length.  On February 25, 2010,
6  having had the benefit of approximately eight months to prepare its opening brief,
7  BofA filed its brief and exercised its right to present thirty pages of argument to the
8  Court.

9    Pursuant to the Court's scheduling order, consistent with the Federal Rules of
10  Bankruptcy Procedure prior to its most recent revision, the Appellees' brief is due
11  fifteen calendar days after BofA filed and served its brief:  March 12, 2010.  The
12  Appellees have not heretofore requested an extension of the time for them to file
13  their brief.

14    Promptly after BofA filed its opening brief, on February 26, 2010, counsel for
15  the Appellees contacted BofA's counsel and requested a three-week extension of the
16  time to file the Appellees' brief.  Initially, BofA's counsel advised that BofA was not
17  willing to agree to an extension.  The Appellees' counsel inquired again.  BofA's
18  counsel has advised that it is willing to support an extension of time to the close of
19  business on March 15, 2010, which is the first business day after the current filing
20  deadline.

21
22                                      II.
23                                 ARGUMENT
24    Rule 8009-5.6 of this Court's Local Rules Governing Bankruptcy Appeals,
25  Cases and Proceedings provides as follows:
26                An application or motion for an extension of time for
     filing a brief shall be filed in the district court within the
27     time limits prescribed by F.R.B.P. 8009 and shall be
     accompanied by a proof of service of the application or
28     motion reflecting service on the other interested parties.

5

1    The application or motion shall be accompanied by a
     declaration stating the date the brief is due, how many
2    previous extensions have been granted, when the brief was
     first due, and whether any previous requests for extension
3    of time have been denied. The declaration must also state
     the reason(s) why such an extension is necessary, the
4    amount of additional time requested, and the position of the
     opponent(s) as to the proposed extension of why the
5    moving party has been unable to obtain a statement of the
     opponent's position.
6

7    Good cause exists to extend the deadline for the Appellees to serve and file their

8    brief in this appeal. This motion is being filed seven days after BofA filed its brief,

9    well within the time limits in Federal Rule of Bankruptcy Procedure 8009.[1] This

10   motion is being served electronically by the Court, as well as by facsimile by the

11   Appellee. This is the Appellees' first request for an extension of time to file their

12   brief, and the Appellees have sought the extension in a timely manner. In view of

13   the meaningful hearings and various deadlines approaching in the Appellees' and

14   related debtors' cases, a reasonable extension of the filing deadline in this appeal is

15   appropriate.

16        The three-week extension sought by the Appellees is reasonable. BofA had

17   eight months to prepare its opening brief addressing the novel issues to be litigated in

18   this appeal and, as it was entitled to do, utilized all thirty pages available. Affording

19   the Appellees a total of five weeks to prepare its response is appropriate.

20        By way of comparison, before the Court of Appeals, an appellee must file and

21   serve a brief within thirty days after the appellant's opening brief is served. Fed. R.

22   App. P. 31(a)(1). In the Ninth Circuit, for good cause shown the Clerk of the Court

23   may grant a fourteen day extension of time on a party's oral telephonic request. 9th

24

25

---

26        [1] Federal Rule of Bankruptcy Procedure 8009 provides that an appellee's brief
     is to be filed and served fourteen days after the filing and service of the appellant's
27   opening brief.

28

1  Cir. Rule 31-2.2(a).  The Appellees' proposed extension would still be less than the

2  amount generally available for the filing of a brief before the Court of Appeals.

3

4                                        III.

5                                   CONCLUSION

6          For the foregoing reasons and the reasons set forth in the Declaration of John

7  N. Tedford, IV, the Appellees request that the Court extend the time for them to file

8  their brief in this appeal by three weeks, to April 2, 2010.

9

10  Dated:  March 4, 2010                  DANNING, GILL, DIAMOND & KOLLITZ, LLP

11

12                                 By:    _____

13                                        John N. Tedford, IV
                                          Attorneys for Appellees Meruelo Maddux
14                                        Properties, Inc., Meruelo Maddux
                                          Properties – 760 S. Hill Street, LLC, and
15                                        Merco Group – Southpark, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          7

1

## DECLARATION OF JOHN N. TEDFORD, IV

2

3      I, John N. Tedford, IV, declare and state as follows:

4      1.      I am an attorney, duly licensed and entitled to practice law in the State

5  of California and before this Court.  I am the principal of a professional corporation

6  which is a partner in the law firm of Danning, Gill, Diamond & Kollitz, LLP, counsel

7  for Meruelo Maddux Properties, Inc. ("MMPI"), and fifty-five of its subsidiaries,

8  including appellees Meruelo Maddux Properties – 760 S. Hill Street, LLC ("MMP

9  South Hill"), and Merco Group – Southpark, LLC ("MG Southpark" and, together

10  with MMPI and MMP South Hill, the "Appellees").

11      2.      I have personal knowledge of the facts in this declaration and, if called

12  as a witness, I could testify competently to these facts.

13      3.      MMPI is a publicly owned corporation which owns and develops real

14  property in downtown Los Angeles and other areas in the Los Angeles area.  MMPI,

15  through its subsidiaries, is reported to be the largest non-government landowner in

16  downtown Los Angeles.

17      4.      On March 26 and 27, 2009, MMPI and 53 of its subsidiaries, including

18  MMP South Hill and MG Southpark, each filed voluntary petitions for relief under

19  Chapter 11 of Title 11 of the United States Code.  The cases are jointly administered

20  and have and continue to generate significant amounts of litigation.  In addition, on

21  September 3, 2009, two more MMPI subsidiaries filed Chapter 11 petitions for relief,

22  including one which I understand to be the owner of the tallest pure residential

23  skyscraper in Los Angeles, comprised of 214 luxury residential units and commercial

24  space expected to be leased for a restaurant.

25      5.      I am one of the attorneys at my law firm principally responsible for

26  representing the debtors in their Chapter 11 cases.  I am also the attorney who will be

27  principally responsible for the drafting and litigation of the appeal pending before

28  this Court.

350397.01 [XP]      25195

6.      The debtors' cases have and continue to generate a substantial amount
of litigation.  In connection with the original 54 cases, between today and March 19,
2010, the debtors must, among other things, file oppositions to two motions for relief
from stay which are scheduled to be heard on March 19, 2010, pursuant to which the
moving party is seeking authority to foreclose against the debtors' properties, file a
motion for authority to use cash collateral which will be heard on March 29, 2010,
review and analyze numerous anticipated objections to the debtors' amended plan
and disclosure statement, and oversee the filing of various other motions and papers
with the Bankruptcy Court.  Also, I am currently scheduled to appear at hearings on
March 8, 2010 (on a motion filed by the debtors for authority to demolish buildings
on one of the debtors' properties), March 10, 2010 (on a motion filed by the debtors
relating to, among other things, constitutionality of a certain California tax statute),
March 15, 2010 (on various matters including one which may require an evidentiary
hearing regarding the value of one of the debtors' properties), and March 19, 2010
(on, among other things, objections to the first amended disclosure statement and the
two motions for relief from stay noted earlier).

7.      In connection with the two later filed cases, between today and March
12, 2010, the debtors must, among other things, file a reply brief in support of their
cross-motion for summary judgment relating to a lenders' alleged interest in certain
real property.  A significant hearing is currently scheduled for March 12, 2010, at
which time the Court will not only hear the cross-motions for summary judgment,
but also will conduct a valuation trial in connection with the lender's motion for
relief from the automatic stay so it may foreclose on the residential building noted
above.  March 15, 2010, has been made available by the Court in the event that the
valuation trial lasts beyond March 12, 2010.

8.      With regard to the appeal pending before this Court, on or about June
17, 2009, the Bankruptcy Court issued certain orders and memoranda of decision
relating to whether the Appellees and some of their affiliated debtors are subject to

9

1  "single asset real estate" provisions in the Bankruptcy Code.  In my view, the issues
2  raised were novel, appeared to be a matter of first impression in the Ninth Circuit,
3  and have been addressed in extremely few published cases nationwide.  Bank of
4  America ("BofA") appealed, and petitioned to have the appeal heard by the Ninth
5  Circuit Court of Appeals (the "Court of Appeals").  On or about January 21, 2010,
6  the Court of Appeals denied BofA's petition.

7      9.      On or about February 10, 2010, this Court issued a scheduling notice
8  which provided, in relevant part, that BofA's opening brief was due on February 25,
9  2010, and the Appellees' brief would be due fifteen days after service of the opening
10  brief.  On February 25, 2010, BofA filed a 30-page brief.

11      10.     On February 26, 2010, I contacted BofA's counsel by e-mail and
12  requested a three-week extension of the time to file the Appellees' brief.  BofA's
13  counsel sent me a response advising me that BofA was not willing to agree to any
14  extension.  As a result, I sent another e-mail to BofA's counsel advising counsel of
15  some of the deadlines and hearings described above, and asking whether BofA was
16  really unwilling to stipulate to a three week extension.  On February 27, 2010, I
17  received an e-mail from BofA's counsel advising me that BofA would support an
18  extension for the Appellees to file their opening brief through the close of business
19  on March 15, 2010.

20      11.     In light of my schedule over the next few weeks and the schedule of
21  other attorneys at my firm working on these bankruptcy cases, particularly prior to
22  March 19, 2010, I believe that a three-week extension of the filing deadline is both
23  reasonable and appropriate.

24      12.     Based on my experience in connection with appeals in other cases, I
25  also believe that agreeing to a three-week extension in a matter such as this would be
26  customary.  The Appellees have not previously requested an extension.  For what it
27  is worth, just today I received a call from counsel for the County of Los Angeles Tax
28  Collector (the "County") requesting a similar extension of time for the County to file

350397.01 [XP]    25195

1  its opening brief in a separate appeal arising in these bankruptcy cases, and I agreed

2  to the County's request without hesitation.  In the event that BofA seeks an extension

3  such as that requested by the Appellees, the Appellees would not object.

4

5        I declare under penalty of perjury under the laws of the United States of

6  America that the foregoing is true and correct.

7        Executed on March 4, 2010, at Los Angeles, California.

8

9        _____

         JOHN N. TEDFORD, IV

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

350397.01 [XP]      25195

# PROOF OF SERVICE

I, John N. Tedford, IV, declare:

I am the principal of a professional corporation which is a partner in the law firm of DANNING, GILL, DIAMOND & KOLLITZ, LLP, in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904.

On March 4, 2010, I served the following document(s):

**NOTICE OF EX PARTE MOTION AND APPELLEES' EX PARTE MOTION FOR EXTENSION OF TIME TO FILE THEIR OPENING BRIEF; AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JOHN N. TEDFORD, IV, IN SUPPORT THEREOF**

on the interested parties addressed as follows:

**Attorneys for Appellant Bank of America**
Donald J. Gaffney
Jasmin Yang
Snell & Wilmer L.L.P.
One Arizona Center
Phoenix, Arizona  85004-2202
Facsimile no. (602) 382-6070
Facsimile no. (213) 929-2525
*dgaffney@swlaw.com*
*jyang@swlaw.com*

**Attorneys for Interested Party (Official Committee of Unsecured Creditors)**
Dean Rallis Jr.
SulmeyerKupetz, P.C.
333 S. Hope St., 35th Floor
Los Angeles, CA  90071
Facsimile no. (213) 629-4520
*drallis@sulmeyerlaw.com*

(By Facsimile) I am readily familiar with this firm's practice of sending documents by facsimile.  Under that practice, a cover sheet is prepared showing the telephone number of the recipient.  The facsimile telephone number is shown on the service list.  The documents were sent by facsimile and a confirmation was obtained from the facsimile machine that the transmission occurred without error.

(By  Electronic Mail): By transmitting the document by electronic mail to the electronic mail address as stated above.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed on March 4, 2010, at Los Angeles, California.

John N. Tedford, IV
(Type or print name)

(Signature)

12

350397.01 [XP]      25195