UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of ) | CV 09-5976-SVW |
| ) | |
| MERUELO MADDUX PROPERTIES, INC., ) et al., ) | Bkr. Case No. 1:09-bk-13356-KT [Chapter 11] |
| ) ) | |
| Debtors-in-Possession. ) ) ) ) | ORDER (1) AFFIRMING BANKRUPTCY COURT ORDERS AND MEMORANDA REGARDING MERCO GROUP - SOUTHPARK LLC'S STATUS AS |
| BANK OF AMERICA, N.A. ) ) | SINGLE ASSET REAL ESTATE; (2) REVERSING BANKRUPTCY ORDERS AND |
| Appellant, ) ) | MEMORANDA REGARDING MERUELO MADDUX PROPERTIES - 760 S. HILL |
| v. ) ) | STREET, LLC; and (3) DENYING APPELLANT'S MOTION TO STRIKE |
| MERUELO MADDUX PROPERTIES, INC.; ) MERUELO MADDUX PROPERTIES - 760 ) S. HILL STREET, LLC; and MERCO ) | APPELLEE'S APPENDIX [28] |
| GROUP - SOUTHPARK, LLC, ) ) | [JS-6] |
| Appellees. ) ) | |

I.   **BACKGROUND**

   Bank of America appeals from four Bankruptcy Court orders and memoranda that rejected Bank of America's argument that it is entitled to relief from the automatic stay as to two Meruelo Maddux properties that are owned by "single asset real estate" entities.  Bank of America

argues that it is entitled to relief from the automatic stay.  The Meruelo Maddux appellees requested that the appeal be heard by the District Court rather than the Bankruptcy Appellate Panel. Jurisdiction is proper under 28 U.S.C. § 158(a).[1]

    Meruelo Maddux Properties Inc. and its subsidiaries are believed to be the largest commercial property owner and developer in downtown Los Angeles.[2]  Meruelo Maddux's subsidiaries include approximately 50 entities that own and operate projects and properties, a partnership that conducts the general business operations, a construction company, and an architectural company.  (Appellee's Reply at 6-7.)  Meruelo Maddux Properties, Inc. and its 53 subsidiaries filed separate chapter 11 petitions in March of 2009.  The 54 bankruptcy cases are being jointly administered pursuant to Fed. R. Bankr. P. 1015, but have not been substantively consolidated and treated as a single entity.  See generally In re Bonham, 229 F.3d 750, 764 (9th Cir. 2000) (describing substantive consolidation as placing "separate and distinct - but related - legal entities into a single pool and treating them as though

---

[1] The appeal involves a rather lengthy procedural history which is familiar to the parties and need not be recounted here.
    Bank of America's Motion to Strike Appellee's Appendix [docket no. 28] is DENIED, but the Court refrains from considering any materials that were not part of the record before the Bankruptcy Court.  (See, e.g., In re Yepremian, 116 F.3d 1295, 1297 (9th Cir. 1997) ("Because both the deposition and the declaration were taken after the bankruptcy court granted summary judgment for Sanwa, they are not part of the record on appeal and we cannot consider them.") (citing Fed. R. Bankr. P. 8006).
    The Court takes judicial notice of the subsequent procedural history in the Bankruptcy Court for the limited purpose of determining whether this appeal is moot.  See infra.

[2] Meruelo Maddux Properties Inc. is named in the caption as an appellee in this action.  The appeal is DISMISSED as to Meruelo Maddux Properties Inc. because neither the Notice of Appeal nor Appellant's briefs purport to involve Meruelo Maddux Properties Inc.

2

they belong to a single entity").

## II. STANDARD OF REVIEW

The bankruptcy court's conclusions of law are reviewed de novo and its factual findings for clear error. See <u>Blausey v. United States Trustee</u>, 552 F.3d 1124, 1132 (9th Cir. 2009). This Court must accept the bankruptcy court's findings of fact unless upon review it is left with the definite and firm conviction that a mistake has been committed. See <u>In re Straightline Invs., Inc.</u>, 525 F.3d 870, 876 (9th Cir. 2008); <u>Latman v. Burdette</u>, 366 F.3d 774, 781 (9th Cir. 2004). Mixed questions of law and fact are reviewed de novo. <u>Mathews v. Chevron Corp.</u>, 362 F.3d 1172, 1180 (9th Cir. 2004).

The bankruptcy court's decision to grant or deny relief from an automatic stay is reviewed for an abuse of discretion. See <u>In re Cybernetic Servs., Inc.</u>, 252 F.3d 1039, 1045 (9th Cir. 2001); <u>In re Gruntz</u>, 202 F.3d 1074, 1084 n.9 (9th Cir. 2000) (en banc).

## III. THE AUTOMATIC STAY AND SINGLE ASSET REAL ESTATE

Under 11 U.S.C. § 362(a), a bankruptcy debtor receives the protection of an automatic stay against actions that would interfere with the bankruptcy estate. The automatic stay operates, inter alia, to prevent secured creditors from enforcing liens against the property of debtor's estate.

Creditors may obtain relief from the automatic stay on four separate grounds. 11 U.S.C. § 362(d). At issue in the present case is the third ground: a creditor may obtain relief from the automatic stay if the bankruptcy estate consists of "single asset real estate." 11

U.S.C. § 362(d)(3).  "Single asset real estate" is defined as "real property [1] constituting a single property or project, other than residential real property with fewer than 4 residential units, which [2] generates substantially all of the gross income of a debtor who is not a family farmer and [3] on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental."  11 U.S.C. § 101(51B) (subparts added).

The basic premise of this provision is that if the bankruptcy debtor's assets consist solely of a single piece of real property (or a single real property project), and the debtor's income is derived largely from the operation of that real property, then a secured creditor is entitled to relief from the automatic stay.  See, e.g., In re CBJ Devel. Inc., 202 B.R. 467, 471-73 (9th Cir. B.A.P. 1996) (discussing legislative history of single asset real estate generally); see generally Alan N. Resnick & Henry J. Sommer, eds., 3 Collier on Bankruptcy, ¶ 362.07[5][b] (16th ed. 2010 supp.).

**IV.   MERCO GROUP - SOUTHPARK LLC IS NOT SINGLE ASSET REAL ESTATE**

One of the two appellees is an entity known as Merco Group - Southpark LLC.  Bank of America argues that Merco Group - Southpark LLC is a single asset real estate entity because it holds properties that are located within a single city block of each other, all of which are currently being operated as parking lots.

The Bankruptcy Court expressly found that Merco Group - Southpark LLC is not a single asset real estate entity.  The Court found that:

> the four pieces of real property owned by [Merco Group - Southpark LLC] are not a single project or a single asset.  The properties

4

1
2
3
4
5
      have been treated as separate assets in the past and are not all contiguous or adjacent.  There is no evidence of a unified plan of development.  Leasing three of the parcels out to a parking lot operator on a temporary basis [as done by Merco Group - Southpark LLC] while the Debtors pursue development or sale is not a "common purpose" for [single asset real estate] analysis.  Operating or holding real estate for profit is not a sufficient "common purpose" to convert [that] which is otherwise a collection of real property assets into a "single project."

6 (ER 584.)

7     Bank of America has not even attempted to address this factual
8 finding.  (See Appellant's Reply at 1 n.2 (noting that Bank of America
9 refrains from addressing Merco Group - Southpark LLC in the Reply
10 brief).)  Merco Group - Southpark LLC has shown that the Bankruptcy
11 Court's factual findings are not clearly erroneous.  It is evident from
12 the record that Merco Group - Southpark LLC holds four separate
13 properties (some of which consist of multiple parcels) that are not
14 even physically adjacent.  (ER 299-300, 318, 554.)  Merco Group -
15 Southpark LLC has introduced evidence that it intends to develop the
16 separate parcels in various distinct ways.  For example, one property
17 is slated to be developed as a 420-unit high-rise apartment building
18 (ER 551); another is slated to be developed jointly with the owner of
19 the neighboring property as a 326-unit high-rise apartment building (ER
20 551); and the third is slated to be developed - as stated in
21 development plans that have already been submitted to the City of Los
22 Angeles Planning Department - as a mixed-use retail and residential
23 condominium building.  (ER 300, 550.)

24     Accordingly, the Bankruptcy Court's finding that "[t]here is not
25 evidence of a unified plan of development" is not clearly erroneous.
26 Absent a "unified plan of development," there is no single asset real
27 estate.  See, e.g., In re McGreals, 201 B.R. 736, 742-43 (Bankr. E.D.
28

5

Pa. 1996) (owner of two properties was not subject to single asset real estate provisions because evidence showed that developer intended to develop one property as a condominium and sell the other property, and there was no evidence of a link between the projects); cf. In re Philmont Devel. Co., 181 B.R. 220, 224 (Bankr. E.D. Pa. 1995) (development of semi-detached houses qualifies as "single project"); In re Webb MTN, LLC, No. 07-32016, 2008 Bankr. LEXIS 691, at *12 (Bankr. E.D. Tenn. Mar. 6, 2008) (planned development of golf resort, consisting of golf courses, homes, condominiums, and convention center, constitutes "single project").

The Bankruptcy Court's decisions are AFFIRMED with respect to Debtor Merco Group - Southpark LLC.

**V.   MERUELO MADDUX PROPERTIES - 760 S. HILL STREET, LLC IS SINGLE ASSET REAL ESTATE**

The remaining appellee is an entity known as Meruelo Maddux Properties - 760 S. Hill Street LLC ("760 S. Hill Street LLC"). The Bankruptcy Court concluded that 760 S. Hill Street LLC is not subject to the single asset real estate provisions of the Bankruptcy Code because that entity is "part of a whole business enterprise" consisting of dozens of other Meruelo Maddux subsidiaries. (ER 584.) The Bankruptcy Court noted that "760 S. Hill LLC appears to have the characteristics of a [single asset real estate] case," but ultimately decided that "the consolidated, interrelated business operations of the Debtors are complex and argue against that characterization." (ER 584, 575.) Because the jointly administered Meruelo Maddux Properties reorganizations "require[] a unified approach in developing a plan or

6

1  plans to present for confirmation," and because the Bankruptcy Court
2  refused to "elevate form over substance," the Bankruptcy Court
3  accordingly concluded that 760 S. Hill Street LLC is not a single asset
4  real estate entity.  (ER 575-76; see also ER 584 (incorporating by
5  reference earlier Order regarding all Meruelo Maddux debtors).)
6       Simply put, there is no basis in the Bankruptcy Code for the
7  Bankruptcy Court to reach this conclusion short of substantively
8  consolidating the separate Meruelo Maddux entities and treating them as
9  a single entity for bankruptcy purposes.  See generally In re Bonham,
10 229 F.3d 750, 764 (9th Cir. 2000).  But the Bankruptcy Court has not
11 substantively consolidated the 54 separate cases.  (See, e.g., ER 576
12 ("It is also important to recognize that [this order] is not a de facto
13 substantive consolidation of the Debtors' cases.").)  Furthermore, the
14 Meruelo Maddux appellees do not argue for this Court to reach that
15 conclusion.
16      Rather, the Court must treat the 760 S. Hill Street LLC as it has
17 asked to be treated - as a single entity, separate and distinct from
18 its parent corporation and sister subsidiaries.  Meruelo Maddux
19 Properties, Inc. decided to create a separate entity to develop and
20 operate 760 S. Hill Street, and both Meruelo Maddux Properties Inc. and
21 760 S. Hill Street LLC decided to file separate bankruptcy petitions.
22 760 S. Hill Street, LLC accordingly must be treated as a single entity.
23 (Cf. Appellee's Reply at 1-3, 6-10 (discussing at great length the
24 operations and structure of Meruelo Maddux Properties, Inc. and related
25 entities).)  Indeed, the Bankruptcy Court recognized as much, but for
26 equitable and/or administrative reasons, concluded that the single
27 asset real estate provisions should not apply in this particular case
28

1  because the "whole enterprise" of Meruelo Maddux subsidiaries are not
2  single asset real estate.  (ER 574-76.)
3       It is a fundamental principle of statutory interpretation that
4  courts must apply the plain language of a statute.  <u>See, e.g.</u>, <u>United
5  States v. Ron Pair Enterprises, Inc.</u>, 489 U.S. 235, 241 (1985).
6  Legislative history may assist the Court in construing unclear or
7  ambiguous statutory provisions, but the Court may not create new
8  statutory language out of whole cloth in an attempt to effectuate
9  congressional intent.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Int'l Ass'n of Machinists &
10 Aerospace Workers v. BF Goodrich Aerospace Aerostructure Group</u>, 387
11 F.3d 1046, 1051 (9th Cir. 2004) ("[W]here the statute's language is
12 plain, the sole function of the courts is to enforce it according to
13 its terms . . . for courts must presume that a legislature says in a
14 statute what it means and means in a statute what it says there.").
15 Additionally, clear statutory text may not be ignored in favor of
16 remarks by legislators.  <u>See generally</u> <u>United States v. Tabacca</u>, 924
17 F.2d 906, 910-911 (9th Cir. 1991) ("The remarks of a legislator, even
18 those of the sponsoring legislator, will not override the plain meaning
19 of a statute."); <u>see also</u> <u>Weinberger v. Rossi</u>, 456 U.S. 25, 35 n.15
20 (1982) ("The contemporaneous remarks of a sponsor of legislation are
21 not controlling in analyzing legislative history."); <u>Bath Iron Works
22 Corp. v. Director, Office of Workers' Compensation</u>, 506 U.S. 153, 166
23 (1993) (where the language of the statute was unambiguous on the issue,
24 the Court gave "no weight" to a single senator's reference during a
25 floor debate in the Senate).
26      The plain language of the Bankruptcy Code governs the instant
27 appeal.  The single asset real estate provision applies if the debtor's
28

assets consist of "real property [1] constituting a single property or project . . ., which [2] generates substantially all of the gross income of [the] debtor . . . and [3] on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental."  11 U.S.C. §  101(51B) (subparts added).

760 S. Hill Street LLC satisfied this three-part test.  760 S. Hill Street LLC owns a single property (namely, the property located at 760 South Hill Street, commonly known as the "Union Lofts" building), all or substantially all of 760 S. Hill Street LLC's income is derived from rents collected from the residential apartments located in that property, and 760 S. Hill Street LLC's only business activities involve operating that property and collecting the rents it generates.[3]

The conclusion is clear: 760 S. Hill Street LLC is a single asset real estate debtor and Bank of America is entitled to relief from the automatic stay.

760 S. Hill Street LLC devotes much of its brief to the argument that Congress never "intended" for debtors such as 760 S. Hill Street LLC to be treated as single asset real estate.  760 S. Hill Street LLC points to pieces of the legislative history illustrating that the provision was meant to apply to property-owner debtors who file

---

[3] The property also includes a ground-level commercial space that is intended for use as a restaurant but is currently vacant.  It is irrelevant for single asset real estate purposes that the project consists of mixed-use plans rather than purely residential or purely commercial plans.  See, e.g., In re Webb MTN, LLC, No. 07-32016, 2008 Bankr. LEXIS 691, at *12 (Bankr. E.D. Tenn. Mar. 6, 2008) (planned development of golf resort, consisting of golf courses, homes, condominiums, and convention center, constitutes "single project" for purposes of single asset real estate provision).

bankruptcy without an intention to reorganize; in such cases, the bankruptcy filing is solely for purposes of keeping creditors at bay during an economic downturn.

However, to the extent that these legislative statements support 760 S. Hill Street LLC's arguments, the bottom line is that Congress failed to codify this intent into law. The Court is not permitted to create new exceptions to clear statutory language in an effort to effectuate congressional intent.

But as Bank of America shows, the clearest piece of legislative history actually contradicts 760 S. Hill Street's arguments. In 2005, Congress explicitly removed a provision that had formerly limited the single asset real estate provision to debtors with $4 million or less in assets. Previously, owners of large, complex properties such as 760 S. Hill Street LLC would have been exempt from the single asset real estate provision as per the $4 million asset cap. But that is no longer the case. Congress's intent (as codified in the revised statute) supports Bank of America, not 760 S. Hill Street LLC. See In re Scotia Pacific Co., LLC, 508 F.3d 214, 224 (5th Cir. 2007) (discussing removal of $4 million asset cap).[4]

---

[4] Bank of America also argues that in 1997 the National Bankruptcy Review Commission proposed an amendment (later rejected by Congress) that would have codified the "whole enterprise" argument used by the Bankruptcy Court in this case. (Appellant's Reply at 13-15.) Bank of America is incorrect. The 1997 proposal would have exempted entities conducting **active business** on property owned by a subsidiary. See National Bankruptcy Review Comm'n, Final Report: Bankruptcy, The Next Twenty Years 664, 668-69 (1997). The Report clearly explains that, when real property is used for **rental income** (as with the Meruelo Maddux properties) rather than **active operations**, the single asset real estate provision would still apply, even if the debtor is part of a larger enterprise of commonly-owned entities. Id. at 668-69.
   Bank of America's reliance on this argument is unavailing.

1    Notably, another court has reached this same conclusion in a
2 nearly analogous factual setting.  See In re Vargas Realty, No.
3 09-10402 (SMB), 2009 Bankr. LEXIS 2040 (Bankr. S.D.N.Y. July 23, 2009).
4 In Vargas Realty, a single person owned four separate corporations, and
5 each of the corporations owned a single residential apartment building.
6 Much like in the present case, the four corporations filed separate
7 chapter 11 petitions that were jointly administered but not
8 substantively consolidated.  The court explained that "[t]he debtors'
9 argument . . . essentially comes down to an attempt to pierce their own
10 corporate veil [by] suggest[ing] that they are a single entity that
11 operates four contiguous properties as a 'single project.'"  Id. at
12 *10.  The court rejected this argument, explaining that the owner
13 "opted to create four separate corporations, each owning only one of
14 the Properties."  Id. at *9.  Because each individual corporation
15 satisfied the statutory definition of a single asset real estate
16 entity, the court rejected the owner's effort to avoid the clear
17 requirements of the Bankruptcy Code.  See id. at *9-10; see also In re
18 Kara Homes, Inc., 363 B.R. 399, 400-01, 404 (Bankr. D.N.J. 2007)
19 (applying single asset real estate provision to thirty-three affiliated
20 LLCs where each LLC owned a single development project).
21    As in Vargas Realty, the present case involves an entity (760 S.
22 Hill Street LLC) that satisfies the Bankruptcy Code's definition of
23 "single asset real estate."  The Bankruptcy Court therefore erred by
24 refusing to afford Bank of America relief from the automatic stay
25 pursuant to the 11 U.S.C. § 362(d)(3) provision regarding single asset
26 real estate.  The Bankruptcy Court's decision is REVERSED as to
27 appellee 760 S. Hill Street LLC.
28

11

## VI. THE APPEAL IS NOT MOOT

As an alternative argument, 760 S. Hill Street LLC argues that the appeal is now moot because Bank of America obtained limited relief from the automatic stay by satisfying the "for cause" requirement of 11 U.S.C. § 362(d)(1). This argument fails. The Bankruptcy Court granted Bank of America limited relief from the automatic stay under 11 U.S.C. § 362(d)(1) by providing it with a junior secured lien that provides Bank of America with adequate protection for its security interest. See 11 U.S.C. §§ 361, 362(d)(1).

The Bankruptcy Code provides for very different types of relief from the automatic stay depending on whether the creditor shows "cause" under § 362(d)(1) or the debtor constitutes single asset real estate under § 362(d)(3). The single asset real estate provision generally provides that creditors shall be relieved from the automatic stay "unless: (1) within 90 days of the date the petition is filed the debtor either files a chapter 11 plan 'that has a reasonable possibility of being confirmed within a reasonable time;' or (2) the debtor has begun making regular monthly payments to each creditor whose claim is secured by the 'single asset real estate.'" In re CBJ Devel., 202 B.R. at 740 (quoting 11 U.S.C. § 362(d)(3)).

Although the Bankruptcy Court retains discretion to "terminat[e], annull[], modify[], or condition[]" the automatic stay, 11 U.S.C. § 362(d), the clear implication of the single asset real estate provision is that the Bankruptcy Court will terminate the stay and allow the secured creditor to enforce its lien against the single asset real estate. See Alan N. Resnick & Henry J. Sommer, eds., 3 Collier on Bankruptcy, ¶ 362.07[5][b] (16th ed. 2010 supp.). The Bankruptcy Court

"should refuse to terminate the stay [as to single asset real estate] only when there is a strong reason for offering lesser relief." Id. (emphasis added); see also In re Triumph Investment Group, Inc., No. 09-10488bf, 2009 Bankr. LEXIS 2782, at *6-8 (E.D. Pa. Apr. 23, 2009) (holding that, unless debtor filed a reorganization plan within 30 days, the stay would be terminated); In re Heather Apts. LP, 366 B.R. 45, 50-51 (Bankr. D. Minn. 2007) (distinguishing § 362(d)(3) from § 362(d)(1)-(2)); In re LDN Corp., 191 B.R. 320, 327 (Bankr. E.D. Va. 1996)("relief under § 362(d)(3) is mandatory where its provisions are not strictly complied with."); cf. In re Crown Ohio Investments, 52 Bankr. Ct. Dec. 272, 2010 Bankr. LEXIS 804, at *13-15 (Bankr. E.D. N.Y. 2010) (collecting cases) (conditioning rather than terminating stay in single asset relief estate case); In re Planet 10, 213 B.R. 478, 481 & n.4 (Bankr. E.D. Va. 1997) (same).

In spite of the statutory distinctions between the relief sought by Bank of America under the single asset real estate provision, 11 U.S.C. § 362(d)(3), and the "for cause" provision, 11 U.S.C. § 362(d)(1), the debtor-appellees insist that the appeal is moot because "the relief granted by the Bankruptcy Court [under 11 U.S.C. § 362(d)(3)] to [Bank of America] **likely** would be the same as that previously granted" under 11 U.S.C. § 362(d)(1). (Appellee's Reply Brief at 6, emphasis added.) By using the word "likely," the debtor-appellees acknowledge that this appeal is not moot. The Bankruptcy Court must determine in the first instance whether or not the existing junior "adequate protection" lien is sufficient relief for Bank of America under the single asset real estate provisions of 11 U.S.C. § 362(d)(3). It is possible that the Bankruptcy Court will

conclude that the junior lien is sufficient relief, see, e.g., In re Cambridge Woodbridge Apts., LLC, 292 B.R. 832, 840 (Bankr. N.D. Ohio 2002) (concluding that adequate protection payments were sufficient to satisfy requirement of "fair market rate" payments under 11 U.S.C. § 362(d)(3)(B)); but it is also possible that the Bankruptcy Court will conclude that additional relief, such as termination of the automatic stay, is warranted in light of the congressional concerns regarding single asset real estate debtors.

**VII. CONCLUSION**

The Bankruptcy Court's orders are AFFIRMED as to Merco Group - Southpark LLC and REVERSED as to Meruelo Maddux Properties - 760 S. Hill Street LLC.

This Order shall constitute the final order of the Court. See Fed. R. Bankr. P. 8013. The parties shall bear their own costs on this appeal. See Fed. R. Bankr. P. 8014.

The Clerk of the Court is ORDERED to enter judgment and transmit notice consistent with Fed. R. Bankr. P. 8016.

IT IS SO ORDERED.

DATED: June 29, 2010

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE